Lawrence, J.
In these cases I deem it sufficient to say that I fail to discover, upon the evidence, that the Deputy Tax Commissioners have overvalued the relators’ property under the statutes relating to taxation. Chapter 269 of the Laws of 1880 evidently contemplates that before the court orders a reassessment, or correction of the assessment, it must be made ot appear *312 that such reassessment is necessary to make it conform to the valuations and assessments, applied to other real and personal property in the same “ roll ” and seciire equality of assessment. I think that the respondents are right in contending that the word “ roll ” as used in the statute means the entire assessment roll of the ward in which the relators’ property is situated.
In these cases there is nothing before the court which shows, or tends to show, that the relators’ property has been assessed at a rate beyond that which was applied to property generally in the same ward. The passage quoted by the learned counsel to the corporation from “ Cooley on Taxation ” seems to be peculiarly in point. At page 410, 2d edition, the learned author says : “ The party injured by their (the assessors) errors, committed without fraud or malice, has in general only such remedy as the statute may afford him. And in no proceeding is one to be' heard who complains of a valuation which, however erroneous it may be, charges him only with a just proportion .of the tax. If his own assessment is not out of proportion, as compared with valuations generally on the same roll, it is immaterial that some one neighbor is assessed too little and another too much.”
Assuming the rule which should govern in these' cases to be as stated by Judge Cooley, there is an end of relators’ case; but without resting upon that rule alone, I think that the writs in these cases should be dismissed, with costs, for the reason that the Deputy Tax Commissioners, Wagner and Connelly, showed very clearly by their testimony that they were justified in assessing the property at the amounts stated in the assessment roll.
It is not alleged that the Deputy Tax Commissioners were guilty of any fraud or intentional partiality in making their .valuations ; and as I cannot see that the relators have been assessed at a greater rate than the generality of property owners in the wards mentioned in the writs, I do not think that they are aggrieved or that the court ought to interfere with the judgment of the Deputy Tax Commissioners.